IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| NEIL W. AYER, ) | |
| TERESA C. AYER, ) | |
| ) | Bankruptcy No. 09-03532 |
| Debtors. ) | |

**ORDER RE AMENDED MOTION TO RECONSIDER
DISMISSAL OF CASE**

The Court entered an order on March 29, 2010 dismissing this case because of Debtors' failure to pay filing fee installments.  On April 21, 2010, Debtors filed an Amended Motion to Reconsider Dismissal of the Case.  Counsel for Debtors states that the failure to timely pay filing fee installments was due to his absence from his office and oversight.  Although Debtors timely mailed their payment to his office, it was paid late because of a delay in mailing from counsel's office.  He argues that Debtors should not be harmed due to an error/oversight in their attorney's office.

Although not cited in Debtor's Application, the Court assumes Debtor is seeking relief from the order under Bankruptcy Rule 9024.  This Rule adopts Fed. R. Civ. P. 60(b) which defines the procedure for analyzing motions for relief from judgment or order.  Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).  Under Rule 60(b)(1), the court may grant relief from a judgment or order because of "mistake, inadvertence, surprise or excusable neglect."  The term "excusable neglect" in this rule "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."  Pioneer Inv. Servs. v. Brunswick Assocs. LP, 507 U.S. 380, 394 (1993).

In Pioneer, the Supreme Court set out the four factors to be considered when determining whether a late filing is due to excusable neglect: "[(1)] the danger of prejudice to the [opposing party], [(2)]the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the movant, and [(4)] whether the movant acted in good faith."  U.S. v. Boesen, --- F.3d ---,  2010 WL 1223161, *4 (8th Cir. Mar. 31, 2010).   The Supreme Court ascribes little significance to attorney calendar or workload problems in determining whether the "neglect" was "excusable."  In re Springfield Contracting Corp., 156 B.R. 761, 767 (Bankr. E.D. Va. 1993) (citing Pioneer); see also EnvisioNet

Computer Services, Inc. v. ECS Funding LLC, 288 B.R. 163, 165-66 (D. Me. 2002) (stating the failure of counsel to calendar a deadline does not support a finding of excusable neglect).

"Clerical or office problems" are simply not a sufficient excuse for failing to meet a deadline. In re Boggs, 246 B.R. 265, 268 (B.A.P. 6th Cir. 2000). In Boggs, the Bankruptcy Appellate Panel quoted, with approval, the bankruptcy court's statement: "Where counsel have attempted to convince courts that deadlines missed through mistakes made by office staff or by other pressures associated with the operation of a legal practice were the result of excusable neglect, they have been soundly rebuffed." Id.

Debtors filed their Chapter 7 petition on December 8, 2009. The Court granted their request to pay filing fees in installments. The final installment was due February 28, 2010. On January 6, 2010, the Court entered an order requiring payment because the first installment payment was delinquent. On March 10, 2010, the Court entered another order requiring payment because the final installment payment was delinquent. Debtors did not pay the final installment payment by the March 24, 2010 extended deadline and the Court dismissed the case on March 29, 2010. Thereafter, on March 30, 2010, Debtors submitted the final $100 payment of filing fees.

The Court denied Debtors' first Motion to Reconsider Dismissal, finding no adequate cause was shown to reconsider. Debtors' counsel now asks that the Court allow Debtors' case to be reinstated because the failure to timely file the filing fee payment arose from his absence from his office and oversight. Under Pioneer, this neglect of the case is not "excusable." Debtors have been dilatory in paying their filing fees throughout this case. They have failed to provide good cause for the Court to reconsider dismissal. No grounds exist for this Court to reconsider its order dismissing the case for failing to pay filing fees.

**WHEREFORE**, Debtor's Amended Motion to Reconsider Dismissal of Case is DENIED.

Dated and Entered: April 22, 2010

_____
Paul J. Kilburg
U.S. Bankruptcy Judge

2